R. Scott Rasmussen, Esq.
Nevada Bar No. 6100
**MURCHISON & CUMMING, LLP**
350 South Rampart Boulevard, Suite 320
Las Vegas, Nevada 89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957

Attorneys for Defendant JASON ANDERSON

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADVANSTAFF, INC., a Nevada Corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>JC AUTO ENTERPRISE CAL, LLC dba ANDERSON CHEVROLET, an Arizona Limited Liability Company; JASON ANDERSON, in his individual capacity; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>   Defendants. | CASE NO.<br><br>**PETITION FOR REMOVAL** |

  Defendant JASON ANDERSON ("Petitioner"), by and through his counsel of record, the law firm of MURCHISON & CUMMING, LLP, hereby submits and respectfully show:

**I.**

Petitioner is Defendant JASON ANDERSON ("Petitioner").

**II.**

  The above-entitled action was commenced in the Eighth Judicial District Court in Clark County, Nevada, and is now pending in that court. Process was purportedly served on a Non-Petitioner defendant on November 3, 2021 through its registered agent located

in California. A true and correct copy of the Summons is attached hereto as **Exhibit A**. A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

III.

This Petition is filed timely pursuant to 28 U.S.C. § 1446(b)(3).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and may be removed to this Court by Petition, pursuant to 28 U.S.C. § 1441(a).

V.

Plaintiff ADVANSTAFF, INC. was at all relevant times a citizen of the State of Nevada.

VI.

Petitioner Anderson is a citizen of the State of Arizona and was a citizen of the State of Arizona at the time this action commenced. Petitioner Anderson was not and is not a citizen of the State of Nevada. Non-Petitioner defendant JC AUTO ENTERPRISE CAL, LLC is incorporated in the State of Arizona with its principal place of business in Arizona.

VII.

A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Lowdermilk v. United States Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir., 2007); *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir., 2006).

To satisfy the preponderance of evidence test, a defendant must provide evidence that "it is more likely than not" the amount in controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir., 1996.) The Court may look beyond the complaint to determine whether the amount in controversy is met. *See Abrego, supra*, at 690. The Ninth Circuit defines "amount in controversy" as "the amount at stake in the underlying litigation" which includes "any result of the litigation, excluding interests and

costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotations omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id*. at 648-49.

A review of Plaintiff's state court action demonstrates that Plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, Plaintiff Advanstaff, Inc. ("Plaintiff") alleges Defendant JC Auto contracted with Advanstaff to handle JC Auto's payroll services and other HR Functions. *See* Exhibit B at p. 2:25-26. Plaintiff alleges the contract between JC Auto and Plaintiff obligated JC Auto to indemnify and reimburse Plaintiff for, *inter alia*, attorneys' fees and other costs. *Id*. at p. 3:10-15. Plaintiff alleges non-party Laroy Campbell ("Campbell") was employed by JC Auto as an automobile sales representative from March 1, 2016 through March 15, 2019. *Id*. at p.2:23-24. Plaintiff further alleges that Petitioner executed a personal guarantee in favor of Plaintiff should JC Auto fail to make its contractually obligated payments to Plaintiff. *Id*. at p.3:16-28.

Plaintiff alleges Campbell filed suit against JC Auto and Plaintiff (in California) for "employment claims" dating from the inception of Campbell's 2016 employment, which required Plaintiff to incur attorneys' fees and other costs. *See* Exhibit B at p.4:4-6. Plaintiff claims JC Auto breached its contract with Plaintiff by refusing to "indemnify, hold harmless, protect and defend" Plaintiff for the fees and costs incurred in the defense of Campbell's lawsuit. *Id*. at p.4:11-13. Plaintiff also alleges that Petitioner breached the Guarantee he executed in favor of Plaintiff by failing to "fully comply with the indemnification requirements of the agreement." *Id*. at p.4:14-16. As such, Plaintiff is seeking to recover, from JC Auto and Petitioner, all of Plaintiff's "attorneys' fees and other costs" it allegedly incurred in the connection with Campbell's lawsuit and its fees and costs incurred in the instant matter. *Id*. at p.4:20-24.

On information and belief, Plaintiff incurred approximately $50,000 in fees and costs in the defense of the Campbell's lawsuit. Plaintiff's complaint also alleges entitlement to a judgment in damages "in excess of $15,000 for Breach of Contract against JC Auto" and

separately alleges entitled to a judgment "in excess of $15,000 for Breach of Contract against" Petitioner.  *See* Exhibit B at p.5:24-27.  Plaintiff further alleges entitlement to costs and attorneys' fees as special damages "in the sum of $5,000 as of the date of this pleading *and increasing up to and through trial and appeal, if any*." (emphasis added) *Id*. at p.6:1-3.  As such, and based on the amount that is believed to have been incurred in the defense of Campbell's California lawsuit, coupled with the amount in damages to which Plaintiff is seeking for breach of contract and for its attorneys' fees and costs in the instant action, it is "more likely than not" that Plaintiff is seeking damages in excess of $75,000. Therefore, Petitioner seeks removal of the above-entitled action from the Eighth Judicial District Court in and for Clark County, Nevada to this Court.

### VIII.

A copy of the Petitioner's Petition for Removal, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Complaint, was deposited with the Deputy Clerk in the County Clerk's Office for the Eighth Judicial District Court in and for Clark County, Nevada.

### IX.

Copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

Petitioner seeks removal of the above-entitled action from the Eighth Judicial District Court in and for Clark County, Nevada to this Court.

DATED: January 3, 2022

**MURCHISON & CUMMING, LLP**

By  /s/ R. Scott Rasmussen
R. Scott Rasmussen, Esq.
Nevada Bar No. 6100
350 South Rampart Boulevard, Suite 320
Las Vegas, Nevada 89145
Attorneys for Defendant JASON ANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>3rd</u> day of January, 2022, a true and correct copy of **PETITION FOR REMOVAL** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

**Marquis Aurbach Coffing**
Phillip S. Aurbach
Dominque Bosa-Edwards
10001 Park Run Drive
Las Vegas, NV 89145
Tel:   (702) 382-0711
Fax:   (702) 382-5816
Email: paurbah@maclaw.com
           dbosaedwards@maclaw.com

By   */s/ Heidi Davis*
       Heidi Davis, an Employee of
       MURCHISON & CUMMING, LLP

5

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Summons |
| B | Complaint |